# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-00-CR-035 JRN |
| | § | |
| DACIOUS HUNTER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on July 10, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On November 21, 2000, the Defendant was sentenced by Judge Nowlin to 151 months of imprisonment (later reduced to 135 months), and three years of supervised release for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Defendant's supervision commenced on June 14, 2007.

The Defendant did well on supervised release for a year-and-a-half. He obtained employment with the City of Austin, maintained a stable residence, and did not have any issues related to drugs or alcohol—a radical departure from the situation he was in prior to his sentencing in 2000 (the

defendant informed the probation officer preparing the PSI that he "regularly consumed beer and brandy all night to the point of blacking-out. He also smoked at least ½ an ounce of marijuana daily over the past eight years."). There has been one persistent problem nagging the Defendant, however, arising out of his relationship with Devonne Trimble. Beginning in December 2007, the Defendant and Trimble were the subjects of police reports where APD was responding to domestic disturbance calls at their residence. After these problems continued for months, and the Defendant indicated that he did not wish to end the relationship, the Probation Office recommended, and Judge Nowlin concurred, that the Defendant must participate in mental health treatment in an attempt to try address the issues causing the domestic disturbances. This modification took effect in January 2009.

The Defendant began participating in counseling sessions in February 2009. On February 18, and March 8, 2009, APD was again called to the Defendant's residence in response to disturbances there. The Court elected to take no action at that time. In March and April 2009, APD was called out to the Defendant's residence no less than 10 times in response to disturbances. Not surprisingly, on April 18, 2009, one of these disturbances led to violence, and Trimble received a bloody nose as a result of an elbow from the Defendant. Police were called, and the Defendant was charged with Assault Family Violence (enhanced). He turned himself in on this charge on April 23, 2009. Based on these facts, on May 4, 2009, the Probation Office submitted its petition alleging the Defendant had violated the conditions of his supervision, and a warrant was issued by Judge Pitman on May 6, 2009.

On July 1, 2009, Hunter pled guilty to the state assault charge and was sentenced to 130 days. With the time he had served from April 23, 2009, he completed the sentence on July 6, 2009, and was released into federal custody on the warrant issued by Judge Pitman.

On June 10, 2009, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by committing a new state law violation, specifically, Assault Family Violence (enhanced).

III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. Having considered all of the above, and taking into account the fact that, other than his tumultuous relationship with Trimble, the Defendant has been complying with the terms of his supervised release, the Court does not believe that a severe sanction is warranted. The Court further believes, however, that continued supervised release is not practical, given that the Defendant and Trimble wish to continue their relationship and the Court has no control over Trimble, who apparently is equally responsible for the parties' chaotic relationship as is Defendant.

From all of this the Court believes that the appropriate sentence is four months of imprisonment, with credit for the time served in state custody from April 23, 2009, to July 6, 2009 (which totals 74 days), and no additional supervision. ACCORDINGLY, the undersigned RECOMMENDS that the Defendant be sentenced to 49 days of imprisonment, commencing on the

date he came into federal custody on July 6, 2009 (meaning the Defendant's last day of imprisonment would be August 23, 2009), with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE